**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NED GARRETT, JR.,                )         | |
|                                                  ) | |
|            Petitioner,              ) | |
| v.                                            )         | No. 1:05-cv-1569-SEB-VSS |
|                                                  ) | |
| TOM HANLON,                       ) | |
|                                                  ) | |
|            Respondent.           ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Ned Garrett ("Garrett") for a writ of habeas corpus must be **denied**.

**Background**

On August 9, 1989, Garrett was confined by two brothers, Ollie Robinson and Timmy Robinson, who accused Garrett of having sold them "fake" cocaine. During the confrontation, Garrett pulled out a sawed-off shotgun. He shot Timmy in the chest, inflicting a mortal wound. Garrett then chased Ollie on foot and shot him in the arm and in the buttocks.

Based on the foregoing, Garrett was convicted in an Indiana state court of murder, attempted murder, and dealing in a sawed-off shotgun. He was also found to be an habitual offender, resulting in an enhancement of his sentence. His convictions were affirmed on appeal in *Garrett v. State,* 602 N.E.2d 139 (Ind. 2003), although in that same decision the action was remanded for reconsideration of a sentencing issue associated with the habitual offender determination.

Garrett then sought post-conviction relief, which the trial court denied. The denial of post-conviction relief was affirmed on appeal in *Garrett v. State,* No. 49A02–407-PC-588 (Ind.Ct.App. June 15, 2005).

Garrett now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He claims that 1) his confession was improperly admitted, 2) he was denied the effective assistance of counsel at trial, and 3) he is innocent of the crimes for which he has been convicted.

**Discussion**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

In addition to the substantive standard reviewed above, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.
>
> Federal courts may only review defaulted claims if the petitioner shows cause for the failure to raise them and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears the claim.

*Baddelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006) (internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

In this case, Garrett has committed procedural default with respect to his first two claims. This occurred as to his first claim when he failed to renew his objection to the admission of the confession at trial and when he failed to argue that his confession was involuntary on grounds other than his intoxication from cocaine use, meaning that he failed to supply both the factual predicate for the first habeas claim and fairly alerted the state court of the federal constitutional grounds for this claim. This occurred as to his second claim because he did not include a claim of ineffective assistance of counsel at trial as a separate claim in his action for post-conviction relief. Procedural default occurs when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred. *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990).

Garrett's third claim, and the circumstance he believes warrants this court reaching the merits of his first two claims despite his procedural default, is his claim of innocence of the crimes for which he has been convicted.

A showing of actual innocence serves merely as a gateway to the airing of the petitioner's defaulted claim and is not itself cognizable in habeas as a free-standing claim. See *Herrera v. Collins,* 506 U.S. 390, 400 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). A habeas court is, in short, concerned "'not [with] the petitioners' innocence or guilt but solely [with] the question whether their constitutional rights have been preserved.'" *Id.* (quoting *Moore v. Dempsey,* 261 U.S. 86, 87-88 (1923)); see also *Harris v. Kuhlmann,* 115 F.Supp.2d 326, 328 (E.D.N.Y. 2001) )(explaining that "[a] federal court on habeas review is not charged with determining guilt or innocence, but rather with ensuring that a petitioner is not being held in violation of the Constitution.").

The Supreme Court has equated the miscarriage of justice standard with a claim of actual innocence, as distinct from "legal" innocence. See *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

> [T]he "actual innocence" exception[ ] applies only where the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted.

*Wallace v. Lockhart,* 12 F.3d 823, 827 (8th Cir. 1994) (citing *Sawyer v. Whitley,* 112 S. Ct. 2514, 2517-18 (1992)).

No such showing has been made here. This conclusion is derived from the nature of Garrett's first two claims–claims that he insists have legal merit, but which do not suggest his innocence of the crimes–and from Garrett's inculpatory statements to police following his arrest. The inapplicability of this manner of overcoming the consequences of his procedural default is further shown by considering the Indiana Supreme Court's assessment of Garrett's challenge to the sufficiency of the evidence:

3

> It is obvious from the evidence that Ollie Robinson had abundant opportunity to view [Garrett] and his in-court identification of [Garrett] was positive.

*Garrett v. State,* 602 N.E.2d at 142. The positive identification of Garrett as the shooter is entirely inconsistent with his claim of innocence. From these circumstances, therefore, it is apparent that his claim of innocence is unpersuasive as a question of evidentiary review, is insufficient as a matter of law to support a freestanding basis for federal habeas relief, and has not been shown in the manner required to permit Garrett to overcome the consequence of his procedural default as to his first two claims.

## Conclusion

This court has carefully reviewed the state court record in light of Garrett's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388  (7th Cir. 1997). No such established rules entitle Garrett to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 10/11/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana